IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Case No. 18-03082-01-CR-S-MDH |
| **JESUS RAMON MIRANDA-BILLICANA,** *Aka: Guadalupe Perez-Gonzalez, Ramon Miranda-Perez, and Ramon Miranda-Billicana* | |
| Defendant. | |

### MOTION FOR DETENTION

The United States of America, by and through its undersigned attorneys, respectfully requests that this Court order the detention of the defendant, Jesus Ramon Miranda-Billicana. In support, the United States offers the following suggestions:

1. An indictment has been returned by the Grand Jury charging the defendant with having unlawfully re-entered the United States after having been removed, in violation of Title 8, United States Code, Section 1326(a).

2. Title 18, United States Code, Section 3142(f)(2) provides that a hearing shall be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person in the community upon a motion of the attorney for the Government or upon the judicial officer's own motion, when there is a serious risk that the defendant will flee, or when there is a serious risk that the defendant will "obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror."

3. Regarding the defendant's risk of non-appearance, the defendant currently has an immigration detainer which has been lodged with the U.S. Marshal Service. The existence of an ICE detainer by itself is not a categorical, per se basis for detention because the Bail Reform Act creates no per se category of persons who must be detained, absent an individualized inquiry into the person's risk of flight or danger to the community. However, the Court can consider the defendant's status and existence of pending immigration proceedings as information relevant when considering other factors under the Act since they indicate prior noncompliance with federal law and thus are analogous to a prior criminal history. In this regard, the defendant is a citizen of Mexico, not lawfully present in the United States. Further, the defendant has a track record of refusal to conform his conduct to what United States' laws require, as shown by his entering and repeatedly re-entering the United States without permission. On January 9, 1997, the defendant was ordered deported from the United States to Mexico. Within just a few months, the defendant illegally re-entered the United States and was deported on July 16, 1997. On December 30, 1999, the defendant was deported for the third time from the United States to Mexico. Most recently, the defendant was deported for a fourth time on October 10, 2001, after illegally entering the United States.
4. Regarding the danger this defendant poses to the community, after illegally re-entering the United States, the Government notes the following from the defendant's criminal history:
    a. On September 12, 1996, the defendant was convicted in United States District Court, Western District of Texas, of Attempting to Enter the United States by Making a Willfully False Representation and Willfully Concealing a Material Fact in violation of Title 8, United States Code, Section 1325(a)(3).

b. On June 23, 1997, the defendant was convicted in United States District Court, Western District of Texas, of Illegal Reentry After Deportation in violation of Title 8, United States Code, Section 1326(a)(1) in Case No. 3:97-CR-00155-ECP-1.

    c. On November 20, 1998, the defendant was convicted a second time in United States District Court, Western District of Texas, of Illegal Reentry After Deportation in violation of Title 8, United States Code, Section 1326(a)(1) in Case No. 3:98-CR-01149-DB-1.

    d. On June 17, 2018, the defendant was arrested for 2nd Degree Felony Domestic Assault in Greene County, Missouri. This charge is currently pending.

5. Finally, the evidence of the defendant's guilt is overwhelming, as he has confessed to illegally re-entering the United States. *See* 18 U.S.C. § 3142(g)(2).

Based upon the foregoing, the United States submits that there is clear and convincing evidence that the defendant poses a danger to the community, and a preponderance of the evidence indicates that there are no conditions the Court could impose that would reasonably assure the defendant's presence at trial. The Government therefore respectfully requests that a detention hearing be held, and that the defendant be detained pending trial of this matter.

    Respectfully submitted,

    TIMOTHY A. GARRISON
    United States Attorney

By:   */s/ Patrick A.N. Carney*
    PATRICK A.N. CARNEY
    Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that a copy of the foregoing was delivered on August 22, 2018, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

       */s/ Patrick A.N. Carney*
       PATRICK A.N. CARNEY
       Assistant United States Attorney